UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARTINA MARCONI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20 CV 407 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant United States of America's motion to dismiss. (DE # 5.) For the reasons that follow, defendant's motion will be denied.

### I.   BACKGROUND

Plaintiff Martina Marconi, proceeding *pro se*, alleges that defendant, through one of its employees, refused to diagnose or treat her diabetes. (DE # 3.) Defendant now moves to dismiss plaintiff's complaint on the basis that she failed to exhaust her administrative remedies. (*See* DE # 6.)

### II.   LEGAL STANDARD

Defendant has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. A judge reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.   DISCUSSION

Defendant argues that plaintiff's complaint "does not allege satisfaction of, or indeed even mention, the requirement of the [Federal Tort Claims Act] that a plaintiff

2

asserting a tort claim against the United States first must submit an administrative claim to the appropriate federal agency . . ..″ (DE # 6 at 2.) Defendant misapprehends the parties' respective burdens. Failure to exhaust is an affirmative defense. *See e.g. Donovan v. Bureau of Prisons*, No. 07-C-105, 2008 WL 4603337, at *4 (E.D. Wis. Oct. 16, 2008) (discussing the defendant's burden when asserting a failure to exhaust claim under the Federal Tort Claims Act)*; Neuman v. United States*, No. 07-CV-0362-MJR, 2008 WL 2959875, at *4 (S.D. Ill. July 31, 2008) (same). "Complaints need not anticipate defenses and attempt to defeat them." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). For dismissal based on an affirmative defense at the pleading stage, it is incumbent on the defendant to show that it has "an airtight defense" on the face of the complaint. *See id.* While a plaintiff may plead herself out of court when an affirmative defense, such as the failure to exhaust, is plain on the face of the complaint, *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010), that is not the case here, where plaintiff's complaint makes no mention of whether she filed an administrative claim.

In attempting to demonstrate that plaintiff has failed to exhaust her administrative remedies under the Federal Tort Claims Act, defendant submitted a declaration from an attorney in the Department of Health and Human Services, stating that there is no record of plaintiff having filed an administrative tort claim related to her allegations in this case. (DE # 6-1.) This declaration is a document outside of the pleadings. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claims.

3

*See Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 895 (7th Cir. 2018); Fed. R. Civ. P. 10(c). The declaration in this case fits neither description. While this court could consider the declaration, and convert defendant's motion to dismiss into a motion for summary judgment, *see* Fed. R. Civ. P. 12(d), the court declines to do so in light of Local Rule 56-1(f), which requires a party seeking summary judgment against a *pro se* party to serve that party with a specific notice for *pro se* litigants. N.D. Ind. L.R. 56-1. Defendant may file a motion for summary judgment if appropriate, and accompanied by the notice required by the Local Rules.

## IV.  CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion to dismiss (DE # 5).

**SO ORDERED.**

Date: April 7, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT