UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARTINA MARCONI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20 CV 407 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

This matter is before the court on defendant United States of America's motion for summary judgment. (DE # 22.) For the reasons that follow, defendant's motion will be granted.

**I.     BACKGROUND**

Plaintiff Martina Marconi, proceeding *pro se*, alleges that Carolyn Horin, a nurse practitioner, refused to diagnose or treat her diabetes in August of 2019. (DE # 3.) At the time of this incident, Horin was employed by Healthline, Inc., an entity deemed to be an employee of the Public Health Service, pursuant to the Federally Supported Health Centers Assistance Act (FSHCAA). (DE # 2-1; DE # 23-1 at 6.)

The United States removed plaintiff's action to this court, and filed a Notice of Substitution, requesting that the United States be substituted as the sole defendant in this case, in the place of Horin. (DE ## 1, 2.) Magistrate Judge John E. Martin issued an order substituting the United States as the sole defendant. (DE # 4.)

Defendant now moves for summary judgment on the basis that plaintiff failed to exhaust her administrative remedies prior to filing this lawsuit. (*See* DE # 23.) Plaintiff did not file a response. This matter is now ripe for ruling.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

Because plaintiff failed to file a response to defendant's motion for summary judgment, defendant is entitled to summary ruling on the motion – that is, a ruling without the benefit of plaintiff's response. However, even in a summary ruling posture, the court must find that "given the undisputed facts, summary judgment is proper as a matter of law." *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992).

## III. DISCUSSION

As discussed above, the United States certified that Horin was an employee of the Public Health Service, acting within the scope of her employment at the time of the incident alleged in plaintiff's complaint. Pursuant to the FSHCAA, upon such certification, the proceeding shall be "deemed a tort action against the United States under [the Federal Tort Claims Act (FTCA)] . . .." 42 U.S.C. § 233(a), (c), (g). Moreover, pursuant to the FSHCAA, "[t]he remedy against the United States provided by [the FTCA] . . . shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the . . . employee . . . whose act or omission gave rise to the claim." 42 U.S.C. § 233(a), (g).

Under the FTCA, a plaintiff asserting a tort claim against the United States must first submit an administrative claim to the appropriate federal agency, and either receive a denial of the administrative claim, or wait six months before initiating judicial litigation. 28 U.S.C. § 2675(a); *see also Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019). A plaintiff's failure to exhaust her administrative remedies under the FTCA requires dismissal of her claim. *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

In this case, the agency with whom plaintiff was required to file an administrative claim was the Department of Health and Human Services (HHS).[1] The

---

[1] To the extent a plaintiff is unsure which agency is the appropriate agency to submit an administrative claim, federal regulations "require an agency in receipt of a claim to transfer that claim to another agency if the activities that gave rise to the claim were activities of that other agency." *LeGrande v. United States*, 687 F.3d 800, 813 (7th Cir. 2012), *as amended* (Aug. 14, 2012) (citing 28 C.F.R. § 14.2(b)(1)).

undisputed evidence demonstrates that plaintiff never submitted an administrative claim to HHS, nor did HHS receive notice of any claim submitted by plaintiff. (DE # 23-1.) Therefore, plaintiff failed to exhaust her administrative remedies prior to initiating this suit and defendant is entitled to judgment in its favor as a matter of law.

## IV. CONCLUSION

Accordingly, defendant's motion for summary judgment (DE # 22) is **GRANTED.** The court directs the Clerk to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendant United States of America, and against plaintiff Martina Marconi, who shall take nothing by way of the complaint.

**SO ORDERED.**

Date: November 8, 2021

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT